# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **LIBERTY MUTUAL INSURANCE COMPANY,** | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 06 C 6689<br>) |
| **LUMBERMENS MUTUAL CASUALTY COMPANY, SEARS, ROEBUCK AND COMPANY, ARIN BOVAY, DEBRA WATHEN, MARK TRIEZENBERG, MARY RAWSON, PATRICIA CLARK, RICHARD TERRELL GORE, AND MARY RODRIGUEZ,** | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Liberty Mutual Insurance Company's ("Liberty") amended complaint ("the complaint") seeks equitable contribution from Lumbermens Mutual Casualty Company ("Lumbermens") (count I); and, alternatively, from Sears, Roebuck and Company ("Sears") (count II). Lumbermens and Sears have filed separate motions to dismiss each claim against them under FED. R. CIV. P. 12(b)(6). For the following reasons, Lumbermens' motion to dismiss is denied and Sears' motion to dismiss is granted.

I.

The complaint alleges that on October 1, 1997, Liberty issued a number of general liability policies to Sears with policy periods ranging from October 1, 1997 to April 1, 2005. (Compl. at ¶ 9.) Prior to October 1997, Sears held general liability policies with Lumbermens. In 1999, Sears was the defendant in four class action

suits; one of these was filed in California and the three remaining suits were filed in Illinois. The different class complaints alleged wrongful conduct by Sears that spanned before and after October 1, 1997. The class action claims fell within the scope of coverage provided by the Liberty policies and Liberty undertook its duty to defend Sears in these cases. The complaint alleges that "Liberty noted, however, that because wrongful conduct allegedly took place prior to the inception of Liberty's coverage period, Liberty would participate in the defense with Sears' insurers prior to October 1, 1997." (Id. at ¶ 17.) Sears allegedly tendered the California and Illinois class actions to both Liberty and Lumbermens for defense and indemnity. (Id. at ¶¶ 15, 19.)

The California class action case eventually settled. Lumbermens participated in the settlement of the California class action and paid $525,000, along with Liberty and Sears, as part of the settlement. Liberty alleges it has paid for the fees and expenses in connection with Sears' defenses in the California and Illinois class actions. These fees and costs are alleged to be in excess of $1,500,000.

II.

In assessing defendant's motion to dismiss under FED. R. CIV. P. 12(b)(6), I must accept all well-pleaded facts in the complaint as true. *Moranski v. Gen. Motors Corp.*, 433 F.3d 537, 539 (7th Cir. 2005). I must view the allegations in the light most

2

favorable to plaintiff. *Id*. However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. - -, 127 S. Ct. 1955, 1965 (May 21, 2007).

III.

A. Count I

In count I, Liberty seeks recovery from Lumbermens' under the doctrine of equitable contribution. "[E]quitable contribution permits an insurer who has paid for an entire loss to be reimbursed by other insurers who are also liable for the loss, and it is applied where one insurer has paid a debt equally owed by other insurers." *Employers Ins. of Wasau v. James McHugh Constr., Co.*, 144 F.3d 1097, 1107 (7th Cir. 1998) (citing *Cincinnati Cos. v. West Am. Ins. Co.*, 287 Ill. App. 3d 505, 509-10, 679 N.E.2d 91, 94 (Ill. App. Ct. 1997)); *State Farm Mut. Auto. Ins. Co. v. Illinois Farmers Ins. Co.*, 368 Ill. App. 3d 914, 921, 858 N.E.2d 519, 525 (Ill. App. Ct. 2006). The doctrine applies to defense costs incurred on behalf of the insured. *See Forum Ins. Co. v. Ranger Ins. Co.*, 711 F. Supp. 909, 914 (N.D. Ill. 1989) (collecting cases); *see also Am. Nat'l Fire Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, PA, 343 Ill. App. 3d 93, 97, 796 N.E.2d 1133, 1136 (Ill. 2003) ("The right to equitable contribution arises when one insurer pays money for the benefit of another insurer."). Equitable contribution is available where different policies insure the same parties,

interests and risks. *Home Ins. Co. v. Cincinnati Ins. Co.*, 213 Ill.2d 307, 316, 821 N.E.2d 269, 276 (Ill. 2004). "Unlike subrogation, an action for equitable contribution is 'based in equity and does not depend upon the contractual rights of the insured.'" *Cincinnati Ins. Co. v. Boller Const., Inc.*, No. 04 C 4604, 2006 WL 695459, at *18 (N.D. Ill. Mar. 15, 2006) (quoting *Progressive Ins. Co. v. Univ. Cas. Co.*, 347 Ill. App. 3d 10, 19, 807 N.E.2d 577, 585 (Ill. App. Ct. 2004)); *see also Rhone-Poulenc Inc. v. Int'l Ins. Co.*, 71 F.3d 1299, 1305 (7th Cir. 1996) (citing *Royal Globe Ins. Co. v. Aetna Ins.*, 82 Ill. App. 3d 1003, 403 N.E.2d 680 (Ill. App. Ct. 1980); *Institute of London Underwriters v. Hartford Fire Ins. Co.*, 234 Ill. App. 3d 70, 78, 599 N.E.2d 1311, 1316-17 (1992) (*overruled in part by Cincinnati Co. v. West Am. Ins. Co.*, 183 Ill.2d 317, 701 N.E.2d 499 (Ill. 1998)).

Lumbermens moves to dismiss count I based on the existence of a June 30, 2005 Settlement Agreement ("the Agreement") between Lumbermens and Sears. Pursuant to the Agreement, Lumbermens' insurance policies for Sears were "rescinded, terminated, released, and exhausted" in exchange for a settlement payment. Therefore, according to Lumbermens, Liberty can no longer collect equitable contribution because Lumbermens is no longer liable to Sears.

Ordinarily, matters outside of the four corners of the complaint are not considered in deciding a motion to dismiss. *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006). In this

4

case, the complaint references "a transaction" between Lumbermens and Sears "by which Sears bought back the [Lumbermens] policies." (Compl. at ¶ 33.) In its response brief, Liberty does not dispute that the referenced "transaction" was the Agreement or that this is central to its claim. Accordingly, I may consider the Agreement in deciding the motion to dismiss. *Id*. Lumbermens' argument for dismissal fails because equitable contribution does not depend on the contractual rights of the insured. *See Cincinnati Ins.*, 2006 WL 695459, at *18; *see also Progressive Ins.*, 347 Ill. App. 3d at 19, 807 N.E.2d at 585. This claim is akin to a unjust enrichment claim, in which the injury to the plaintiff is measured by the benefit conferred to the defendant. *See Rhone-Poulenc Inc.*, 71 F.3d at 1305 (quotations omitted) ("The right is not the insured's to disclaim. It is a right of other insurers, who are not parties to the insurance policy, and it is a right founded not on the concept of third-party beneficiaries of contracts and hence not on 'the wishes of the insured' but rather on notions of equity and unjust enrichment."); *see also Am. Nat'l Fire Ins.*, 343 Ill. App. 3d at 97, 796 N.E.2d at 1136 ("The right to equitable contribution arises when one insurer pays money for the benefit of another insurer."); *Schal Bovis, Inc. v. Cas. Ins. Co.*, 315 Ill. App. 3d 353, 362, 732 N.E.2d 1179, 1186 (Ill. App. Ct. 2000) ("The reason for this rule is that one insurer has paid a debt which is equally owed by the other insurers."). In this case, the complaint alleges

5

that Liberty incurred in excess of $1,500,000 in defense costs on behalf of Sears in connection with the class actions, that Lumbermens had a co-equal obligation to defend the class actions, and that it failed to do so. The subsequent modification of the contractual relationship between Sears and Lumbermens does not alter the benefit allegedly conferred to Lumbermens by Liberty's payment of the entire share of defense costs. Lumbermens does not dispute that there was identity as to the parties, insurable interests and risks. Accordingly, the complaint states a claim for equitable contribution.

Lumbermens also argues that under the Agreement the Lumbermens insurance policy limits have been exhausted, and therefore it has no duty to indemnify Sears. In doing so, Lumbermens relies on *Zurich Ins. Co. v. Raymark Indus. Inc.*, 118 Ill.2d 23, 53, 514 N.E.2d 150, 163 (Ill. 1987), which found that on terms of the policy at issue there that "[o]nce the applicable indemnity limits of a policy are exhausted by the payment of judgments or settlements, no insurance is afforded by that policy" and the insurer "is no longer obligated to defend any actions against [the insured] whether such actions are pending at the time of exhaustion or commencement thereafter." Here, the complaint does not allege that the $1,500,000 in fees were incurred subsequent to the Agreement, *i.e.*, after the time of exhaustion. Instead, the complaint alleges that the Lumbermens policies provided coverage

6

for the class actions, that Sears tendered to Lumbermens and Liberty for defense and indemnity, and that Lumbermens has failed to pay defense costs which have been incurred as early as 1999. Accordingly, the complaint states a claim for equitable contribution from Lumbermens and the existence of the Agreement does not bar Liberty's claim.

B.  Count II: Equitable Contribution against Sears.

In count II, Liberty pleads in the alternative that it is entitled to equitable contribution from Sears on the ground that Sears has, by virtue of the Agreement, agreed to indemnify Lumbermens with respect to Liberty's claims. As alleged in the complaint, "Sears bought back the [Lumbermens] policies [and] . . . agreed to indemnify [Lumbermens] for any claims arising under the policies." (Comp. at ¶ 33.) Sears does not dispute the allegations that it "bought back" the Lumbermens polices in 2005 and is Lumbermens' indemnitor, but adds that the Agreement also rescinded, terminated, released, and exhausted the Lumbermens policies. Accordingly, under *Zurich*, Liberty cannot recover defense costs from Sears because at the same time that it became Lumbermens' indemnitor, the policies were exhausted. Liberty concedes that the policies became exhausted and extinguished, but argues that its right to equitable contribution "vested" before the Agreement.

In light of *Zurich*, Liberty cannot state a claim for equitable contribution against Sears. *Zurich* provides that once a policy is exhausted an insurer is no longer obligated to defend the insured where the policy so states.[1]  118 Ill.2d at 53, 514 N.E.2d at 163. The Lumbermens policies became exhausted as a result of the Agreement in 2005; therefore Liberty is not entitled to contribution on defense costs that were subsequently incurred.  *Id*. Liberty's reliance on *Sec. Ins. Co. of Hartford v. Lumbermens Mut. Cas. Co.*, 826 A.2d 107 (Conn. 2003) is misplaced because that court, unlike *Zurich*, did not rule on the issue of the duty to defend on an exhausted policy and I am bound by Illinois courts' statements of Illinois law, not Connecticut law.  While Lumbermens and Sears cannot by agreement retroactively extinguish Liberty's equitable contribution claim based on defense costs incurred *before* the Lumbermens policies were exhausted in 2005, Sears cannot be liable for contribution on an exhausted policy in light of *Zurich*. 118 Ill.2d at 53, 514 N.E.2d at 163.  Once the policy was exhausted, Liberty could not confer any benefit to Sears – as Lumbermens' indemnitor – by incurring defense costs that Lumbermens was no longer obligated to incur.  Accordingly, Liberty has no

---

[1] As in *Zurich*, the Lumbermens insurance policies at issue, which like the Agreement are referred to in the complaint and are not disputed to be central to plaintiff's claim, generally provide that "Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements."  (*See* Sears Br. Exh. 1.)

8

claim against Sears under Illinois law and Sears' motion to dismiss is granted.

IV.

For the foregoing reasons, Lumbermens' mo tion to dismiss is denied and Sears' motion to dismiss is granted.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: July 26, 2007